ORDER
PER CURIAM
Upon consideration of the emergency motion for injunction pending appeal, the response thereto, and the reply, it is
ORDERED that the motion for injunction be denied.
Appellant John Doe Company is a California limited liability company with its principal place of business in the Philippines. The Company is in the business of purchasing and selling income streams. A recent Government Accountability Office study explained that income-stream-marketing businesses often target vulnerable clients such as our military veterans and the elderly, charging effective interest rates far in excess of state usury laws (up to 87% in some cases) and providing lump sum payouts that are roughly half the minimum required under federal law governing pensions. See U.S. Gov’t Accountability Office, GAO-15-846T, Pension Advance Transactions: Questionable Business Practices Identified 20-22, 23-26, 27 (2015). The GAO Report recommended that the Federal Trade .Commission and the Consumer Financial Protection Bureau investigate income-stream *1131 marketers. The Company itself has been the subject of regulatory proceedings by at least six States under their consumer protection laws. As the district court found, “neither side seems to dispute that John Doe Co. has been the subject of considerable negative publicity throughout the past few years.” Dist. Ct. Op. Denying Prelim. Inj. 7.
In November 2016, the Consumer Financial Protection Bureau issued a Civil Investigative Demand (“CID”) to the Company pursuant to its statutory authority, 12 U.S.C. § 5562(c)(1). Congress authorized the Bureau to issue CIDs to collect information relevant to the enforcement of specified consumer protection laws. Id.; see also 12 U.S.C. § 5511. The issuance of a CID is purely investigatory. It does not initiate a law-enforcement proceeding or even signify that any violation of law has been committed. See 12 U.S.C. § 5562(e).
CIDs are not self-enforcing, and noncompliance triggers no fine or penalty. 12 U.S.C. § 5562(e)(1); Morgan Drexen, Inc. v. Consumer Fin. Prot. Bureau, 979 F.Supp.2d 104, 108 (D.D.C. 2013), aff'd, 785 F.3d 684 (D.C. Cir. 2015). The Company thus needed to do nothing in response to the CID it received. If a recipient declines to respond to the CID, the Bureau must obtain a court order to enforce it. 12 U.S.C. § 5562(e). In that court proceeding, the recipient can raise any relevant legal objection to enforcement of the CID.
In this case, the Company did not wait for the Bureau to seek enforcement of the CID, but instead filed a pre-enforcement suit in district court challenging the constitutionality of the Bureau’s structure and seeking to halt any and all Bureau action “adverse” to the company, Mot. for Prelim. Inj. 26, including enjoining enforcement of the CID and forbidding the disclosure of the Company’s identity. The district court denied Doe’s request for a preliminary injunction, concluding that the Company had not met its burden of establishing either a likelihood of success or irreparable harm: The Company now requests an emergency injunction pending appeal.
A preliminary injunction is “an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief.” Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). “A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.” Id. at 20, 129 S.Ct. 365. Because the Company seeks the exceptional remedy of an injunction pending appeal, the Company faces the difficult task of coming forward with evidence and argument showing that it is “likelfy]” that the district court “abused its discretion” in denying a preliminary injunction. See, e.g., Washington Metro. Area Transit Comm’n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977); Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006).
The Company’s sole argument regarding likelihood of success on the merits before this court and the district court has been to point to the now-vacated majority opinion in PHH Corporation v. Consumer Financial Protection Bureau, 839 F.3d 1 (D.C. Cir. 2016), vacated, reh’g en banc granted, No. 15-1177, — F.3d —, 2017 WL 631740 (D.C. Cir. Feb. 16, 2017). But remember: the Company has to show not just that there is potentially persuasive authority for its legal position, but that the district court abused its discretion in not sufficiently crediting that showing in the balancing of equities that preliminary in- *1132 junctive relief requires. Pointing to PHH is not enough for four reasons.
First, the PHH decision on which the Company relies has been vacated. And even within that decision, panel members differed on the appropriateness or necessity of issuing the separation-of-powers ruling given predicate statutory issues in the case. PHH, 839 F.3d at 56 (Henderson, J., concurring in part and dissenting in part) (declining to reach the constitutional question because an adequate remedy could be provided on the statutory ground); see also id. at 55 (Randolph, J., concurring) (also finding constitutional error in the ALJ who heard the proceeding). Without suggesting anything one way or the other about how the en banc court might ultimately resolve the PHH case and with all due respect to its panel members, the district court did not abuse its discretion in determining that simply pointing to the vacated majority opinion in PHH did not establish the likelihood of an identical constitutional ruling by the en banc court in PHH or the court in this case.
Second, even assuming for purposes of this motion that the en banc court were to reach the same constitutional ruling as the majority opinion in PHH, the Company is not remotely in the same constitutional position as PHH. PHH, remember, was on the receiving end of a completed law enforcement proceeding by the Bureau, and had been ordered to pay a $109 million fine. PHH, 839 F.3d at 7. In finding a separation-of-powers violation, the majority opinion repeatedly emphasized its view of the Constitution’s assignment of “law enforcement” authority to the Executive Branch. See, e.g., id. at 18 (discussing “the core Article II executive power of bringing law enforcement actions”); id. at 19 (Social Security Administrator distinguishable because he “does not possess unilateral authority to bring law enforcement actions against private citizens, which is the core of the executive power and the primary threat to individual liberty posed by executive power”); id. at 20 n.5 (court’s holding would not invalidate other single-director independent agencies because they “do not exercise the core executive power of bringing law enforcement actions”).
The Company, by contrast, filed a pre-enforcement suit to stop a non-self-executing investigative demand for regulatory information. The Company voices no objection here to the scope or content of the CID and does not argue that it falls beyond the Bureau’s statutory authority. The Company’s sole argument is that the Bureau’s single-Director structure is unconstitutional. And the sole injury it asserts on appeal is the harm occasioned by having to respond to a non-self-executing CID.[1]
Standing is determined on a claim-by-claim basis. See, e.g., Davis v. FEC, 554 U.S. 724, 734, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008) (explaining that standing is not “dispensed in gross” but a plaintiff “must demonstrate standing for each claim he seeks to press and for each form of relief that is sought”) (quotation marks and citations omitted). And the only thing that happened prior to the Company filing its pre-enforcement suit was the Bureau’s issuance of an investigative demand for information relevant to the Company’s adherence to federal law. The Company accordingly has to demonstrate that the action of merely requesting information from private entities subject to regulation is by itself exclusively confined to the Executive Branch, and thus that issuance of *1133 this CID by the Bureau violates the separation of powers.
The Company has utterly failed that task. Nowhere in its arguments has it even acknowledged the distinct posture of its preemptive proceeding or the nature of the governmental action it seeks to halt. That failure to even attempt to discharge its particularized burden of proof is fatal. To obtain an injunction pending appeal on the ground that the Bureau transgresses the separation of powers just by issuing a CID — just by investigating a regulated entity’s compliance with federal law — the Company would have to show that only the Executive Branch can demand information from regulated businesses or take such investigative steps. That is, to say the least, far from constitutionally self-evident. Congress issues subpoenas for .information. And in Buckley v. Valeo, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), the Supreme Court specifically carved out such investigative measures from its holding that the Commission there was exercising powers forbidden by the Constitution, id. at 137-138, 96 S.Ct. 612.
That the Company frames its argument as a facial challenge to the Bureau’s ability to take any “action adverse to Plaintiff’ does not save it, even assuming it has standing to seek such sweeping relief at this pre-enforcement juncture on the basis of nothing other than the issuance of a CID. A statute is not facially unconstitutional unless it is unconstitutional in all of its applications. See, e.g., United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (“A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.”). Given that, the district court certainly did not abuse its discretion in concluding that the Company’s failure to even argue its own alleged constitutional injury (rather than PHH’s) meant it had not established a likelihood of success on appeal.
Third, the Company’s argument that the alleged separation-of-powers violation requires that the Bureau be stopped in its tracks ignores traditional constraints on separation-of-powers remedies. Often in separation-of-powers cases, severance of the unconstitutional provision is the chosen remedy. That is what the now-vacated majority opinion in PHH did — the decision just severed the Director’s for-cause removal provision, making him removable by the President at will. As the opinion repeatedly stated, the Bureau could continue its work apace. See, e.g., PHH, 839 F.3d at 8 (declining to “shut down the entire CFPB”); see also Free Enter. Fund v. Public Co. Accounting Oversight Bd., 561 U.S. 477, 509, 130 S.Ct. 3138, 177 L.Ed.2d 706 (2010) (severing unconstitutional provision requiring for-cause removal of officers); Buckley, 424 U.S. at 142, 96 S.Ct. 612 (allowing the FEC to continue its investigations and administrative actions even though it was unconstitutionally structured).
In addition, vacatur of past actions is not routine. The PHH decision did not undo the Bureau enforcement action and make it start over from scratch. The court simply remanded for the Bureau to address specified matters. See PHH, 839 F.3d at 8. Indeed, the Supreme Court and this court have often accorded validity to past acts of unconstitutionally structured governmental agencies. See, e.g., Buckley, 424 U.S. at 142, 96 S.Ct. 612; Citizens for Abatement of Aircraft Noise, Inc. v. Metropolitan Wash. Airports Auth., 917 F.2d 48, 57 (D.C. Cir. 1990) (“We direct, however, that actions taken by the Board to this date not be invalidated automatically on the basis of our decision.”), aff'd, 501 U.S. 252, 111 S.Ct. 2298, 115, L.Ed.2d 236 (1991); see *1134 also In re Application of President’s Comm’n on Organized Crime, 763 F.2d 1191, 1202 (11th Cir. 1985) (Fay, J., writing separately) (“[O]ur holding regarding the separation of powers doctrine does not require the voiding” of a Commission subpoena); id. (Roney, J., specially concurring) (agreeing with decision to enforce the subpoena despite constitutional infirmity).
Given all of that, the - Company failed to make any relevant showing at all that it has a likelihood of succeeding on its effort to prevent the Bureau from investigating the company via a CID or taking any other unspecified adverse action. Or.at least the district court did not abuse its discretion in so concluding.
Fourth, the Company’s prospects of success stumble in yet another respect: this court is not the proper forum for the Company to press its separation of powers claim. We have held on multiple occasions that, even if a party is the subject of an arguably unconstitutional regulatory action, that constitutional argument should be raised within the context of an administrative enforcement proceeding. See, e.g., Jarkesy v. SEC, 803 F.3d 9, 12 (D.C. Cir. 2015); Morgan Drexen, 785 F.3d at 694; cf. Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215-216, 114 S.Ct. 771, 127 L.Ed.2d 29 (1994) (holding that petitioner’s constitutional claims could first be brought before the agency).
The Company notes that, in Free Enterprise, the Supreme Court permitted a standalone, pre-enforcement constitutional challenge. True enough. But the Supreme Court did so there because, to do otherwise, could have “foreclosed all meaningful judicial review[.]” Free Enterprise, 561 U.S. at 489, 130 S.Ct. 3138 (quoting Thunder Basin, 510 U.S. at 212-213, 114 S.Ct. 771). The Company, by contrast, has immediate access to another forum in which it can raise its constitutional claim: the' enforcement action pending in the United States District Court for the Central District of California. The Company has made no argument whatsoever that requiring it to raise its claim in an actual enforcement proceeding would somehow “foreclose all meaningful judicial review,” id.
Also, unlike the plaintiffs in Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), the Company has not identified any exceptional measures it must undertake in response to the CID. In fact, as noted, no action at all is required unless and until the CID is enforced. Thus, unlike Abbott Laboratories or State Street, the Company has come to this court to halt an agency action that requires nothing on its part, and certainly does not force it to “bet the farm,” Free Enterprise, 561 U.S. at 490, 130 S.Ct. 3138.
With respect to its obligation to demonstrate irreparable harm, the Company started with the entirely unsubstantiated and conclusory assertions that its customers and employees will flee and its reputation will be materially harmed if word of the Bureau’s investigation gets out. Tellingly, the Company does not suggest that customers or employees defected after six state regulatory investigations, an adverse GAO report, and the “considerable negative publicity” that has already surrounded the Company, Dist. Ct. Op. Denying Prelim. Inj. 7. The district court thus did not abuse its discretion in finding that the Company’s conclusory assertions of reputational and economic harm, unaccompanied by any relevant declarations, did not establish an injury that is “both certain and great; * * * actual and not theoretical.” Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985). In any event, it is “well settled that economic loss does not, in and of itself, constitute irreparable harm,” id. at 674, especially when it is nothing more than speculation about how third parties might respond to routine reg *1135 ulatory investigations. For .those same reasons, the Company has failed to demonstrate why the district court abused its discretion in holding that its name need not be kept confidential in public court proceedings. Indeed, the Company has offered this court no answer to the point that its identity could readily be obtained through a Freedom of Information Act, 5 U.S.C. § 552, request.
By its reply brief in this court (see Reply Br. 10 & n.2), the Company abandoned any further defense of those asserted reputa-tional and economic harms, putting all of its eggs in the per se basket: the Company insists that any alleged separation-of-powers injury .is by its very nature irreparable. The short answer is that this Court has held otherwise. In the absence of “immediate or ongoing harm stemming from the [Bureau’s] alleged constitutional defects,” the “violation of separation of powers” by itself is not invariably an irreparable injury. In re al-Nashiri, 791 F.3d 71, 79-80 (D.C. Cir. 2015); see also Morgan Drexen, 785 F.3d at 695 n.3 (being forced to await an enforcement proceeding and to litigate in another forum where no greater burden is imposed is not irreparable injury); Tilton v. SEC, 824 F.3d 276, 286 (2d Cir. 2016) (holding, in Appointments Clause challenge to SEC judges, that the injury of “ ‘being subjected to an unconstitutional adjudicative procedure,’ with the attendant ‘embarrassment, expense, * * * ordeal, * * * [and] state of anxiety and insecurity’ ” was not an “irremediable harm”) (alterations in original; citation omitted).
That is doubly so here where the only consequence of denying, an injunction pending appeal in the Company’s pre-en-forcement suit is that it must raise its separation-of-powers arguments in the pending CID enforcement action in district court. As the Supreme Court has explained, “the expense and disruption of defending [oneself] in protracted adjudicatory proceedings” is not an irreparable harm. FTC v. Standard Oil Co. of Cal., 449 U.S. 232, 244, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980); see also Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 24, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974) (“Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.”). That is because, if found to be constitutionally warranted, “[v]aeatur, even at the appeal-from-final-judgment stage, would fully vindicate” the separation-of-powers rights of the Company. In re al-Nashiri, 791 F.3d at 80-81. The Company has offered this court no argument as to why such precedent does not apply here, or more to the point, why it was not an abuse of discretion for the district court to find no irreparable harm under these special circumstances.
Given the Company’s failure to establish a likelihood of success on the merits of its pre-enforcement challenge and irreparable harm, the balance of equities — especially when it comes to consumer protection— weighs against granting an injunction pending appeal.
For the foregoing reasons, the motion for an injunction pending appeal is denied.

. Nor does the Company object to any other regulatory measure taken by the Bureau, or identify in its injunction papers other regulatory burdens to which it objects. Cf. State Nat’l Bank of Big Spring v. Lew, 795 F.3d 48, 53 (D.C. Cir. 2015).