# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 17-7171**                                     **September Term, 2017**

**1:17-cv-02554-ABJ**

**Filed On:** December 20, 2017

Archdiocese of Washington, Donald Cardinal
Wuerl, a Roman Catholic Archbishop of
Washington, a corporation sole,

        Appellant

      v.

Washington Metropolitan Area Transit
Authority and Paul J. Wiedefeld, in his official
capacity as General Manager of the
Washington Metropolitan Area Transit
Authority,

        Appellees

**BEFORE:**    Rogers, Tatel, and Millett, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for an injunction pending appeal
and for expedited consideration of this appeal, the response thereto, and the reply, it is

**ORDERED** that the motion for a mandatory injunction pending appeal be denied.
Appellant has not satisfied the stringent requirements for an injunction pending appeal.
See John Doe Co. v. Consumer Fin. Prot. Bureau, 849 F.3d 1129, 1131 (D.C. Cir.
2017); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2017).

Appellant's motion for an injunction pending appeal centers on an as-applied
claim of unconstitutional viewpoint discrimination.  Specifically, Appellant contends that
the Washington Metropolitan Area Transit Authority's ("WMATA") policy governing the
placement of advertisements on its buses permits advertisements discussing and
promoting secular holiday activities, but disallows advertisements promoting religious
activities during the holiday season or a religious perspective on celebration of the
holiday season.

Appellant has failed to establish a substantial likelihood of success because, at least at this early pre-discovery procedural stage, Appellant's argument of discriminatory treatment is grounded in pure hypothesis. Appellant has not come forward with a single example of a retail, commercial, or other non-religious advertisement on a WMATA bus that expresses the view that the holiday season should be celebrated in a secular or non-religious manner. Appellant references a CorePower Yoga advertisement, but that advertisement contains no discernible holiday, seasonal, religious, or irreligious content. Appellant also points to a WMATA-permitted Salvation Army advertisement encouraging donations to its seasonal Red Kettle campaign so that funds can be used to help the less fortunate. That advertisement underscores, however, that WMATA does not exclude religious speakers from advertising when their proposed messages comport with the allowed categories of speech. Neither does anything in that advertisement suggest that WMATA is discriminating against a religious perspective on worthwhile eleemosynary activities; in fact, it indicates the opposite.

Appellant repeatedly cites a statement in WMATA's district court papers proposing a "secular half" and "religious half" to Christmas celebrations. See WMATA Opp'n to TRO or Prelim. Inj., Dist. Ct. Docket # 10, at 14-15 n.3. The citation, however, refers to a footnoted legal argument made by counsel addressing an argument in the alternative. Appellant identifies no basis for concluding that the defendant WMATA applied any such test in denying Appellant's proposed advertisement, or that WMATA has actually made Christmas or the holiday season a permissible subject of advertising. Cf. Grossbaum v. Indianapolis-Marion County Building Auth., 63 F.3d 581, 588 (7th Cir. 1995) (where City had "recogniz[ed] the 'holiday season' as a topic of discussion" in a forum, religious perspectives on that allowed topic could not be excluded).

Positing next that WMATA's advertising ban is arbitrarily enforced, Appellant argues that WMATA allowed a Christian radio station to advertise on the side of its buses. But the advertisements identified by Appellant were on unidentified *non-WMATA* buses. Mem. Op. at 33 n.20. And while WMATA admits that it did allow that same radio station to advertise on its buses in April 2017, the record is silent as to the content of those advertisements.

With respect to Appellant's facial challenge to WMATA's decision to exclude religion as an advertising subject, the Supreme Court has acknowledged that the government may impose reasonable limitations on the subjects for discussion in a limited public forum, so no *substantial* likelihood of success in demonstrating WMATA's

unreasonableness has yet been shown at this procedural stage.  See Rosenberger v. Rector and Visitors of Univ. of Virginia, 515 U.S. 819, 831 (1995) (noting that the University policy "does not exclude religion as a subject matter," but instead unconstitutionally foreclosed religious perspectives on permitted subjects).

Finally, Appellant has failed to demonstrate any substantial burden on its ability to freely exercise its religious beliefs.  Although WMATA has declined one proposed advertisement, Appellant has not demonstrated how, in the absence of viewpoint discrimination, that decision *substantially* burdens Appellant's ability to exercise its religion.  See Branch Ministries v. Rossotti, 211 F.3d 137, 142-43 (D.C. Cir. 2000).  Because Appellant has not shown a likelihood of success on its free speech or free exercise claims, it follows that its hybrid-rights claim must fail as well.  See Henderson v. Kennedy, 253 F.3d 12, 19 (D.C. Cir. 2001).

In denying the injunction pending appeal, we emphasize the preliminary nature of this order, which does not speak to the ultimate merits of any of Appellant's claims on a more mature record.  It is

**FURTHER ORDERED** that the following expedited briefing schedule will apply in this case:

| | |
|---|---|
| Appellant's Brief and Appendix | January 12, 2018 |
| Appellees' Brief | February 6, 2018 |
| Reply Brief | February 16, 2018 |

The Clerk is directed to schedule this case for oral argument on the first available date following the completion of briefing.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 41 (2017); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 17-7171**                    **September Term, 2017**

Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
      Robert J. Cavello
      Deputy Clerk
